## LEACH v KING

Ohio Appeals, 2nd Dist, Montgomery Co

No 1150. Decided July 6, 1933

Crawford & Magsig, Dayton, for appellants.

Cross &,Miller, Dayton, for appellees.

**OPINION**

By BARNES, J.

Under, all the evidence presented in the case, we think the plaintiffs as well as others constructing residences on the street were warranted in fixing the setbacks on the basis of a 60 foot street. If the residence properties had been constructed with the setback on the basis of a 70 foot street then there might be a very serious question if any other lot owner would attempt to construct his residence with the setback on the basis of a 60 foot street. Uniformity is what is desired and since so many have construed the setback basis this will be controlling and will preclude any question at this late date.

On the basis of a 60 foot street it is our conclusion that it is a substantial compliance. The variance is not such as to detract from the general plan of a residence district.

In any event defendant can not justify his violation of the restrictive provisions and be permitted to construct a gasoline station by reason of the fact that plaintiff and others have been guilty of slight violations of setback provisions. 13 Ohio Jurisprudence (Deeds §176, Notes 17, 18 and 19). Also see cases cited thereunder.

Evidence also was presented to the effect that, the city has "zoned" the territory in question for business purposes.

It should need no authority to arrive at the conclusion that this act of the city could not affect the property rights within the McKnight Plat. Evidence was also presented that the defendant had procured the consent of a very large per cent of the lot owners owning property within the McKnight Plat consenting to the construction of a gasoline station. The fact that he did not procure the consent of the plaintiff is complete answer to this character. of evidence.

It is also urged that the character of the territory has changed and that a gasoline station is located immediately across the street from defendant's lot. Under the undisputed evidence it appears that this Purol Station across the street is outside of the McKnight Plat and, of course, can not be controlled by the reservations common to all lots within the plat.

Whether or not the construction of the gasoline station by defendant will be injurious or damaging to plaintiff's properties are beside the question. The only way to retain McKnight Plat as a residence district is to prevent business constructions on any part thereof. Whenever any business construction is permitted others will quickly follow and any objections thereto will be met with the claim that the territory has lost its character as a restricted residential district. ·

Defendant can not be heard to say that his property is valueless for any other purpose. Admittedly he knew the restrictive provisions when he purchased the lot. The court should not be asked to help him out in his gamble.

The law is so well defined on rights and remedies under restriction provisions of plats and conveyances that it is unnecessary to cite the various decisions of the Ohio courts. At the present day varying facts call for the application of the fixed legal principles. Under the facts in the instant case the plaintiff is entitled to injunction and an entry may be drawn accordingly. Exceptions will be allowed to the defendant. Costs will be taxed against the defendant.

HORNBECK, PJ, and KUNKLE, J, concur.

## ON MOTION FOR REHEARING

### Decided Aug 28, 1933

By THE COURT

The above entitled cause is now being determined on motion for rehearing presented by counsel for defendant.

We have carefully considered the motion for rehearing and the argument and analysis by counsel as set forth under seven separate hearings. In reality each and all revolve around the contention that the action is a class suit and that the plaintiff's action and those he represents can rise no higher than the weakest position of any of the individuals represented.

On this theory attention is called to Ida Mae Boze as having violated a set-back restriction by more than eight feet, and this being a substantial violation of set-back restrictions it is fatal to plaintiff's cause, even though the principal plaintiff might be entitled to relief if he had not attempted to join others with him as plaintiffs.

Even if it should be conceded that Ida Mae Boze violated the set-back restrictions in a substantial way, this would not be determinative of plaintiff's right to injunction.

Sec 11257, GC, provides that when the question is one of a common or joint interest of many persons, or the parties are very numerous and it is impracticable to bring them all before the court, one or more may sue for the benefit of all. It is quite true that under a class action the rights of the class for whom the action is brought can rise no higher than that of the individual named as plaintiff, and this principle of law is very clearly announced in the case of Quinlan v Myers, 29 Oh St 509.

It is not the law where a plaintiff brings an action on behalf of himself and others whom he claims to be similarly situated, he will be denied a remedy if otherwise entitled thereto merely because he happens to have named one or more individuals in his class against whom a good defense may be presented. The only effect of such a situation is to eliminate such defendants as being of the class alleged, and no relief can be granted to them.

This has a practical application in actions where the relief sought is joint and several, such as enjoining illegal assessments and so forth.

Counsel for plaintiff cite the case of Stevens v Times Star, 72 Oh St, 112, as supporting their contention. We find no such announcement or reasoning in the case. It is very clearly announced in the syllabus and likewise in the opinion that the plaintiff Stevens was not entitled to a remedy in equity, and this because he was a party to the gambling transaction. At page 144 of the dictum, Judge Spear rendering the opinion, does say that a party to a gambling transaction may repent and rescind his contract and even recover his money, but this language merely refers to an action at law. The Supreme Court did not say, nor did it mean to say, that if it had been shown that the other individuals for whom plaintiff was seeking to bring the action had also repented that thereby the right to injunction would have been shown. The idea intended to be conveyed by Judge Spear was that since the named plaintiff had only a right to recover fifty cents, the trial court was correct in rendering final judgment for the reason that it had no jurisdiction for that amount since there was not the necessary allegation and showing as to the other plaintiffs whereby the sum might have been brought up to the jurisdictional amount.

The motion for rehearing will be overruled.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.